# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 11-60697
Summary Calendar

May 24, 2012

Lyle W. Cayce
Clerk

CYRIL AUBREY JOHN,

Petitioner

v.

ERIC H. HOLDER, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A035 648 571

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

An immigration judge (IJ) determined that Cyril Aubrey John, a native and citizen of Guyana, was removable from this country due to his commission of an aggravated felony and ordered him removed to that country. Additionally, the IJ denied John's motion for termination or stay of the removal proceedings, which was grounded in John's argument that his application for naturalization was wrongly denied. The IJ's denial of John's motion was based on the conclusions that the IJ lacked jurisdiction to terminate the proceedings and that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60697

John had not shown good cause to stay them. The Board of Immigration Appeals (BIA) likewise concluded that it lacked jurisdiction to terminate the proceedings and dismissed John's appeal. We are now presented with John's petition for review of the BIA's decision. John does not, however, dispute the BIA's determination that it lacked jurisdiction to terminate his removal proceedings.

Rather, in his filings with this court, John contends that his due process rights were infringed in connection with the denial of his application for naturalization and that he should receive naturalization because the INS did not act properly with respect to this application. John has not shown error in connection with the BIA's decision. *See Zhu v. Gonzales*, 493 F.3d 588, 593-94 (5th Cir. 2007); *see also In re Hidalgo*, 24 I. & N. Dec. 103, 105-07 (BIA 2007), 8 C.F.R. § 1239.2(f). Consequently, his petition for review is DENIED.